## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD FORBUSH,  )<br><br>      Plaintiff,  )<br><br>      vs.  )<br><br>SMITH, DRISCOLL & ASSOCIATES,  )<br>PLLC  )<br><br>      Defendant.  ) | Case No.:<br><br>COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Todd Forbush (hereinafter referred to as the "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant Smith, Driscoll & Associates, PLLC (hereinafter referred to as "Defendant"), as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d). If applicable, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that the

Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## PARTIES

4.      Plaintiff is an adult, natural person, residing in Idaho Falls, State of Idaho.

5.      For all times relevant, the Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant is a business entity and does business in the State of Idaho, with its principal and/or mailing address of 414 Shoup Ave, Idaho Falls, ID 83402.

7.      For times relevant herein, Defendant used the instrumentalities of interstate commerce and/or the mails for the purpose of the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.      In its correspondence with Plaintiff, Defendant noted on its letters that Defendant was attempting to collect a debt.

9.      Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6) of the FDCPA.

## FACTUAL STATEMENT

10.     At all times relevant to this litigation, the Defendant engaged in a course of collection activity aimed at the collection of alleged several medical debts (hereinafter collectively referred to as the "Subject Debt") allegedly due and owing from Plaintiff.

11.     The Subject Debt arose out of transactions in which the money, property, insurance, or services that are the subject of the transaction were primarily for personal, family,

or household purposes, and specifically accrued as the result of an alleged obligation undertaken for personal health and/or medical services.

12.     The Subject Debt is a "debt" as the term is defined by 15 U.S.C. § 1692a(5) of the FDCPA.

13.     Upon information and belief, and on a date better known to Defendant, the Subject Debt was allegedly in default to the original creditors, and thereafter assigned and/or otherwise transferred to Defendant for collection from Plaintiff.

14.     Defendant, in an attempt to collection the Subject Debt from Plaintiff, filed a civil lawsuit against the Plaintiff in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville, Magistrate Division, captioned *Medical Recovery Services, LLC, an Idaho limited liability company v. Todd Forbush*, Case No.: CV-16-6933, demanding the amount allegedly owe and due of $1,938.64.

15.     As a result of the aforementioned civil action, Plaintiff made attempts to provide evidence to the Defendant that the Subject Debt was resolved by Plaintiff's medical insurance carrier and that there was no longer any outstanding debt.

16.     Defendant ignored same, continued further with legal process, and the aforementioned proceeding culminated with a default judgment against Plaintiff and a court ordered examination on November 1, 2017.

17.     Defendant continued to demand collection of the Subject Debt though uncontroverted evidence provided to Defendant demonstrated that the Subject Debt was no longer open and due and/or that any reported outstanding balance was caused by the original creditor and such reporting had been rectified to demonstrate no further outstanding balance due.

18.     Upon information and belief, Defendant received proof from its client and/or the original creditor that the Subject Debt was resolved.

19.     Despite same, Defendant continued pursuing legal process, including but not limited to, collection and/or enforcement procedures.

20.     Defendant thereafter also further pursued Plaintiff for attorneys' and/or legal fees allegedly incurred by Defendant in pursuing collection of the Subject Debt from Plaintiff, despite the Subject Debt having been previously resolved.

21.     Defendant represented to Plaintiff that Defendant's attorneys' and/or legal fees were the responsibility of the Plaintiff and/or part of the Subject Debt.

22.     Due to Defendant's litigation, enforcement threats and representations, Plaintiff paid the Defendant's attorneys' and/or legal fees to Defendant, despite the Subject Debt had been paid in full and collection efforts should therefore neither never had been commenced nor continually pursued.

23.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been harmed.

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**(15 U.S.C. § 1692 et seq.)**

24.     Plaintiff repeats and realleges the allegation contained in Paragraphs One (1) through Twenty-two (22) above and incorporates them with the same force and effect as if set forth specifically herein.

25.     The FDCPA prohibits debt collectors, such as Defendant, from engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. *See* 15 U.S.C. § 1692d Pre-Face.

26.     As detailed above, despite the Subject Debt having been paid or otherwise resolved, Defendant nevertheless continued to pursue legal action against the Plaintiff and/or demanded that attorneys' fees be paid directly to Defendant.

27.     Plaintiff is thereby being harassed, oppressed and abused by the Defendant, despite having paid the Subject Debt and the collection efforts should have ceased upon payment and/or attorneys' and/or legal fees should not have been incurred in the first instance.

28.     Defendant has thus engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of the FDCPA.

29.     The FDCPA further prohibits debt collectors, such as Defendant, from using any false, deceptive, or misleading representations or means in connection with the collection of any debt, including but not limited to, the false representation of the character, amount or legal status of a debt. *See* 15 U.S.C. § 1692e(2)(A).

30.     As detailed above, Defendant misrepresented in its state court filings and/or to Plaintiff that the Subject Debt in the amount of $1,938.64 was open and delinquent, and thereby misrepresented the character and/or legal status of the Subject Debt and/or misrepresented that Plaintiff was responsible to pay attorneys' and/or legal fees and/or that the aforementioned attorneys' and/or legal fees were part of the Subject Debt.

31.     Defendant thus used false, deceptive, and/or misleading representations or means in connection with the collection of the Subject Debt from Plaintiff and made further false representations as to the character and/or legal status of the Subject Debts in violation of the FDCPA.

32.     The FDCPA further prohibits debt collectors, such as Defendant, from using any false representation or deceptive means to collect or attempt to collect any debt. *See* 15 U.S.C. § 1692e(10).

33.     As detailed above, Defendant falsely represented that the Plaintiff had not paid the Subject Debt and that the Subject Debt was open and delinquent, when in fact the Plaintiff had already paid same to the Defendant.

34.     As further detailed above, Defendant falsely represented that the Plaintiff the Plaintiff was responsible to pay to the Defendant attorneys' and/or legal fees and/or that said attorneys' and/or legal fees were part of the Subject Debt and thus due from Plaintiff.

35.     The Defendant thus used false representation and/or deceptive means to collect or attempt to collect the Subject Debt from the Plaintiff in violation of the FDPCA.

36.     The FDCPA further prohibits debt collectors, such as Defendant, from using any unfair or unconscionable means to collect or attempt to collect any debt. *See* 15 U.S.C. § 1692f Pre-Face.

37.     The acts and/or omissions of the Defendant detailed above violate the FDCPA and/or constitute unfair or unconscionable means to collect and/or to attempt to collect the Subject Debt and/or attorneys' and/or legal fees from the Plaintiff in violation of 15 U.S.C. §1692f Pre-face.

38.     The FDCPA further prohibits debt collectors, such as Defendant, from using any unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to the collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. *See* 15 U.S.C. § 1692f (1).

39.     As detailed above, though the Subject Debt was resolved, Defendant nevertheless, continued legal process to collect amounts not expressly authorized by the agreement creating the debt, including but not limited to, attorneys' and/or legal fees allegedly due the Defendant from Plaintiff.

40.     The Defendant thus used unfair and/or unconscionable means to collect a debt from the Plaintiff in violation of the FDPCA.

41.     As a direct and proximate result of the above detailed FDCPA violations, the Plaintiff has been damaged by the Defendant and Plaintiff is thereby entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

A.     that an order be entered declaring Defendant's actions, as described above, in violation of the FDCPA;

B.     that judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C.     that judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     that the Court award costs and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      that the Court grant such other and further relief as may be just and

proper.

Dated: October 29, 2018

Respectfully Submitted,

*s/ Thomas Humphrey, Esq.*
Thomas Humphrey
Attorney at Law
7154 W. State Street, # 272
Boise, ID  83714
T: (208) 577-6854
F: (866) 419-3574
E: tomhumphreylaw@gmail.com